RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 4-9-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Daniel L. Simon, )
)
Complainant, ) CIVIL ACTION NO.
)
vs. )
) **04-10716RWZ**
Choice Hotels International, Inc., )
New England Resort Management, )
LLC d/b/a Clarion Nantasket )
Beach Hotel, )
Ferdinand J. Kiley, ) MAGISTRATE JUDGE Alexander
)
Respondents. )

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### Jurisdiction

1. Jurisdiction of Count I is conferred by 28 U.S.C. 1331, as this Count arises under the laws of the United States.

2. Jurisdiction of Counts II - III is conferred by pendent and/or supplemental jurisdiction pursuant to 28 U.S.C. 1367.

### Parties

3. The Plaintiff, Daniel L. Simon ("Simon"), is a citizen of the Commonwealth of Massachusetts, Plymouth County.

4. The Defendant, Choice Hotels International, Inc. ("Choice Hotels"), is a for-profit Delaware corporation, with a principal place of business in Silver Spring, Maryland.

5. The Defendant, New England Resort Management, LLC d/b/a Clarion Nantasket Beach Hotel ("NERM") is a domestic limited liability company with a principal place of

business in Hull, Massachusetts.

6. The Defendant, Ferdinand J. Kiley ("Kiley") is a citizen of the Commonwealth of Massachusetts.

## Factual Allegations

7. Simon is Caucasian and his country of national origin is the United States.

8. In or around April/May, 2002, Simon commenced employment with Defendants as a maintenance engineer at the Clarion Nantasket Beach Hotel in Hull, Massachusetts ("the Hotel").

9. The hotel is owned and operated by Defendant, NERM.

10. Defendant, Kiley, is the owner/operator of NERM.

11. Defendant, Choice Hotels, owns the Clarion Hotel brand, has granted a franchise for the Hotel to NERM and Kiley.

12. At all times during Simon's employment at the Hotel, Choice Hotels held itself out to the public as his employer through the display of the Clarion Logo; by its control and supervision over NERM and Kiley in the operation of the Hotel; by requiring NERM and Kiley to adhere to Choice Hotels policies and procedures in the operation of the Hotel; and by otherwise exercising significant control over the operations of the Hotel.

13. At all times during Simon's employment at the Hotel, NERM and Kiley were the actual and/or apparent agents of Choice Hotels, acting within the scope of their actual and/or apparent agency.

14. Throughout his employment at the Hotel, Simon consistently met or exceeded the

reasonable performance expectations for his position.

15. Simon received numerous commendations from Hotel guests and residents.

16. During Simon's employment at the Hotel, Kiley and NERM terminated numerous Caucasian employees and replaced them with Columbian nationals and/or individuals of Columbian national origin.

17. Ruby Kiley, a senior manager and Kiley's wife, who is of Columbian national origin, made numerous disparaging remarks concerning Caucasian American employees, stating, for example, "you Americans work slow, we Columbians work hard," and "Americans work like dogs."

18. On or about, October 15, 2003, Kiley terminated Simon's employment, and replaced him with a individual of Columbian national origin, R. Martinez. When Simon asked Kiley why he was being terminated, Kiley responded that it was because he was not Columbian, and that he (Kiley) wanted only Columbians working in the maintenance department.

19. Kiley later claimed that Simon was terminated because work was slow.

20. This stated reason for Simon's termination, that work was slow, was false and a pretext for unlawful discrimination. In fact, work was not slow as evidenced by the fact, among others, that Simon was immediately replaced upon his termination.

21. The above acts and omissions of all Defendants have directly and proximately caused Simon to suffer lost income and diminished earning capacity, personal injury including emotional distress, and have otherwise damaged him.

COUNT I
Title VII Of the 1964 Federal Civil Rights Act, as Amended
42 U.S.C. 2000e, et seq.
<u>Simon v. Choice Hotels and NERM</u>

22. The Plaintiff adopts by reference all above allegations, and further alleges:

23. All conditions precedent regarding this Count have been complied with.

24. The above described acts of discrimination against Simon on the basis of race, color and national origin had the purpose or effect of injuring Simon in the terms and conditions of his employment.

25. The above described acts of discrimination had the purpose or effect of unreasonably interfering with Simon's work performance or creating an intimidating, hostile, or offensive working environment.

26. All Defendants' stated conduct was willful, malicious, in bad faith, outrageous, and extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Daniel L. Simon, demands judgment against Choice Hotels and NERM in an amount reasonably calculated to adequately compensate him for his injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

COUNT II
Mass.G.L. c. 151B
<u>Simon v. All Defendants</u>

27. The Plaintiff adopts by reference all above allegations, and further alleges:

28. All conditions precedent regarding this Count have been complied with.

29. The above described acts of discrimination against Simon on the basis of race, color and national origin had the purpose or effect of injuring Simon in the terms and conditions of his employment.

30. The above described acts of discrimination had the purpose or effect of unreasonably interfering with Simon's work performance or creating an intimidating, hostile, or offensive working environment.

31. Kiley additionally aided, abetted, incited, compelled and/or coerced the doing of any of the acts forbidden under M.G.L. c. 151B and/or attempted to do so.

32. All Defendants' above stated conduct was willful, malicious, in bad faith, outrageous, and extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Daniel L. Simon, demands judgment against all Defendants in an amount reasonably calculated to adequately compensate him for his injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

COUNT III
Intentional Interference with a Contract
Simon v. Kiley

33. Plaintiff adopts by reference all allegations herein, and further alleges:

34. Through his above stated actions, Kiley knowingly and intentionally induced the remaining Defendants to break or alter their at-will employment contract with Simon, and a breaking or altering of said contract in fact occurred, causing Simon to lose contractual

rights, including his employment.

35. The above said acts of Kiley were wrongful or improper in their ways and/or means because said acts were made without any rational basis, in bad faith, with malice, with a race, color and national origin based discriminatory animus, and were otherwise improper.

WHEREFORE, the Plaintiff, Daniel L. Simon, demands judgment against Kiley in an amount reasonably calculated to adequately compensate him for his injuries, together with interest and the costs of this action.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
Daniel L. Simon
By his attorney,

_____
Paul F. Wood, BBO No. 565195
Law Office of Paul F. Wood, P.C.
45 Bowdoin Street
Boston, MA 02114
(617) 532-2666

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Daniel L. Simon V. Choice Hotels International, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II.    195, 368, 400, 440, (441-444) 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   **04-10716RWZ**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES ☐   NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Boston Section

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION: YES ☐ NO ☐   OR WESTERN SECTION; YES ☐ NO ☐

(PLEASE TYPE OR PRINT) Paul F. Wood
ATTORNEY'S NAME   Law Office of Paul F. Wood P.C.
ADDRESS           45 Bowdoin Street
TELEPHONE NO.     Boston, Massachusetts 02114
(Categfrm.rev - 3/97)   617-532-2666

JS-44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DANIEL L. SIMON

## DEFENDANTS
Choice Hotels, International, Inc., New England Resort Management LLC, d/b/a Clarion Nantasket Beach Hotel, Ferdinand J. Kiley

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Paul F. Wood
Law Office of Paul F. Wood, P.C.
45 Bowdoin St.
Boston, MA 02114  (617) 532-2666

ATTORNEYS (IF KNOWN)
04-10716 RWZ

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC 2000e, et seq. discrimination in employment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 4/9/04
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____