UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DANIEL L. SIMON
          Plaintiff

v.

CHOICE HOTELS INTERNATIONAL, INC.,
NEW ENGLAND RESORT
MANAGEMENT, LLC d/b/a CLARION
NANTASKET BEACH HOTEL, and
FERDINAND J. KILEY
          Defendants

Civil Action No.
04-10716-RWZ

## ANSWER, DEFENSES-AT-LAW AND AFFIRMATIVE DEFENSES OF DEFENDANTS, NEW ENGLAND RESORT MANAGEMENT, LLC, D/B/A CLARION NANTASKET BEACH HOTEL, AND FERDINAND J. KILEY

The Defendants, New England Resort Management, LLC d/b/a Clarion Nantasket

Beach Hotel ("NERM") and Ferdinand J. Kiley ("Kiley"), hereby respond to the

separately numbered paragraphs contained in the Complaint and Demand for Trial by

Jury (the "Complaint") in the above-referenced case and present their defenses-at-law

and affirmative defenses thereto as follows:

### JURISDICTION

1.      Paragraph 1 of the Complaint contains an allegation as to the Court's

jurisdiction, which is an allegation of law requiring no answer. Accordingly, NERM and

Kiley neither admit nor deny the allegations contained in Paragraph 1.

2.      Paragraph 2 of the Complaint contains an allegation as to the Court's

jurisdiction, which is an allegation of law requiring no answer. Accordingly, NERM and

Kiley neither admit nor deny the allegations contained in Paragraph 2.

## PARTIES

3.    The Defendant, NERM and Kiley admit, on information and belief, that at times relevant to this matter, Daniel L. Simon resided in Plymouth County in the Commonwealth of Massachusetts.  NERM and Kiley lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint, and therefore deny same.

4.    NERM and Kiley admit the allegations contained in Paragraph 4 of the Complaint.

5.    NERM and Kiley admit the allegations contained in Paragraph 5 of the Complaint.

6.    NERM and Kiley admit the allegations contained in Paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7.    NERM and Kiley admit that Simon is Caucasian, but lack knowledge or information sufficient to form a belief as to his country of national origin, and deny the remaining allegations contained in Paragraph 7 of the Complaint.

8.    NERM and Kiley admit in response to Paragraph 8 of the Complaint that Simon was employed by NERM as a Maintenance Engineer at the Clarion Nantasket Beach Hotel in Hull, Massachusetts in or about April/May 2002.  Further answering, NERM and Kiley state that this was Simon's second tenure as an employee of NERM. NERM and Kiley deny the remaining allegations, characterizations and conclusions contained in Paragraph 8 of the Complaint.

2

9.      NERM and Kiley admit that the hotel is operated by NERM, but otherwise deny the allegations contained in Paragraph 9 of the Complaint.

10.     NERM and Kiley respond to Paragraph 10 of the Complaint by stating that Kiley is one of the interest holders in NERM, but deny that he is the "owner/operator" of NERM. NERM and Kiley deny the remaining allegations contained in Paragraph 10 of the Complaint.

11.     NERM and Kiley lack knowledge or information sufficient to form a belief as to the truth of the allegation that Choice Hotels owns the Clarion Hotel brand, and otherwise denies the allegations contained in Paragraph 11 of the Complaint.

12.     NERM and Kiley deny the allegations, characterizations and conclusions contained in Paragraph 12 of the Complaint.

13.     NERM and Kiley deny the allegations, characterizations and conclusions contained in Paragraph 13 of the Complaint.

14.     NERM and Kiley deny the allegations, characterizations and conclusions contained in Paragraph 14 of the Complaint.

15.     NERM and Kiley admit that at times customers were complimentary of services provided by Simon. NERM and Kiley deny the remaining allegations, characterizations and conclusions contained in Paragraph 15 of the Complaint.

16.      In response to Paragraph 16, NERM and Kiley state that during Simon's employment at the hotel, various Caucasian and non-Caucasian employees were terminated from employment and other employees were hired to fill their positions. Some of the new employees were of South American heritage, while other employees were from other locations, including the United States. NERM and Kiley deny the

3

remaining allegations, characterizations and conclusions contained in Paragraph 16 of the Complaint.

17.    NERM and Kiley lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which fails to set forth the date, location and witnesses to the alleged statements, and therefore deny same.

18.    NERM and Kiley admit that on or about October 15, 2003, Kiley, along with Barbara Kiley, terminated Simon's employment. NERM and Kiley deny that Kiley told Simon that he was being terminated because he was not Columbian, and that he only wanted Columbians working in the maintenance department. NERM and Kiley further deny that Simon was replaced by R. Martinez and deny the remaining allegations, characterizations and conclusions contained in Paragraph 18 of the Complaint.

19.    NERM and Kiley admit that Simon was advised by Barbara Kiley that part of the reason he was being terminated was because business at the hotel was slow. In further answering, NERM and Kiley state that Simon was also advised of other legitimate reasons for his termination as an employee of the hotel. NERM and Kiley deny the remaining allegations, characterizations and conclusions contained in Paragraph 19 of the Complaint.

20.    In response to Paragraph 20 of the Complaint, NERM and Kiley state that Simon was not advised that the sole reason for his termination was that work was slow. NERM and Kiley deny the remaining allegations, characterizations and conclusions contained in Paragraph 20 of the Complaint.

21.    NERM and Kiley deny the allegations, characterizations and conclusions contained in Paragraph 21 of the Complaint.

4

## COUNT I
### (Title VII of The 1964 Federal Civil Rights Act, as Amended 42 U.S.C. 2000(e) *et seq.* - Simon v. Choice Hotels and NERM)

22.    NERM and Kiley reallege and incorporate by reference their responses to Paragraphs 1 through 21 of the Complaint.

23.    Paragraph 23 of the Complaint contains allegations of law requiring no answer and is denied to the extent an answer is required.

24.    NERM and Kiley deny the allegations, characterizations and conclusions contained in Paragraph 24 of the Complaint.

25.    NERM and Kiley deny the allegations, characterizations and conclusions contained in Paragraph 25 of the Complaint.

26.    NERM and Kiley deny the allegations, characterizations and conclusions contained in Paragraph 26 of the Complaint.

## COUNT II
### (Mass.Gen.Laws, Chapter 151(B) - Simon v. All Defendants)

27.    NERM and Kiley reallege and incorporate by reference their responses to Paragraphs 1 through 26 of the Complaint.

28.    Paragraph 28 of the Complaint contains allegations of law requiring no answer and is denied to the extent an answer is required.

29.    NERM and Kiley deny the allegations, characterizations and conclusions contained in Paragraph 29 of the Complaint.

30.    NERM and Kiley deny the allegations, characterizations and conclusions contained in Paragraph 30 of the Complaint.

31.    NERM and Kiley deny the allegations, characterizations and conclusions contained in Paragraph 31 of the Complaint.

32.    NERM and Kiley deny the allegations, characterizations and conclusions contained in Paragraph 32 of the Complaint.

## COUNT III
### (Intentional Interference with a Contract - Simon v. Kiley)

33.    NERM and Kiley reallege and incorporate by reference their responses to Paragraphs 1 through 32 of the Complaint.

34.    NERM and Kiley deny the allegations, characterizations and conclusions contained in Paragraph 34 of the Complaint.

35.    NERM and Kiley deny the allegations, characterizations and conclusions contained in Paragraph 35 of the Complaint.

## DEFENSES-AT-LAW AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of the Counts of the Complaint fail to set forth claims for which relief may be granted by this Court.

### SECOND DEFENSE

Some or all of the claims set forth in the Complaint are barred by the applicable statute of limitations.

### THIRD DEFENSE

The Plaintiff has failed to take adequate steps to mitigate his alleged damages.

### FOURTH DEFENSE

The Plaintiff is barred by his acts and conduct from recovering anything in this action.

## FIFTH DEFENSE

The Plaintiff comes before the Court with unclean hands, and therefore, is not entitled to any relief.

## SIXTH DEFENSE

The Plaintiff has failed to properly resort to or exhaust his administrative remedies.

## SEVENTH DEFENSE

Count III of the complaint fails to set forth a claim for which relief may be granted as no contract existed between the Plaintiff and NERM.

## PRAYER FOR RELIEF

WHEREFORE, the Defendants, New England Resort Management, LLC, d/b/a Clarion Nantasket Beach Hotel, and Ferdinand J. Kiley, pray that:

1.    The Complaint be dismissed;

2.    Defendants be awarded their attorneys' fees and costs; and

3.   For such other and further legal and equitable relief as the Court deems just and proper.

NEW ENGLAND RESORT
MANAGEMENT, LLC d/b/a CLARION
NANTASKET BEACH HOTEL and
FERDINAND J. KILEY

By their Attorneys,
RIEMER & BRAUNSTEIN LLP

_____
Kevin Hern, Jr., BBO No. 231905A
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts  02108
(617) 523-9000

Date:  May 20, 2004

CERTIFICATE OF SERVICE

I, Kevin Hern, Jr., Esquire, hereby certify that on this 2ᵗʰ day of May, 2004, I caused a true and accurate copy of the foregoing document to be served by ~~hand~~/first class mail, postage prepaid, upon all counsel of record.

_____
Kevin Hern, Jr.

833137.1

8