UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Daniel L. Simon, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 04-10716 RWZ |
| vs. ) | |
| ) | |
| Choice Hotels International, Inc., ) | |
| New England Resort Management, ) | |
| LLC d/b/a Clarion Nantasket ) | |
| Beach Hotel, ) | |
| Ferdinand J. Kiley, ) | |
| ) | |
| Defendants. ) | |

PROTECTIVE ORDER GOVERNING
THE CONFIDENTIALITY OF INFORMATION PRODUCED IN THIS LITIGATION

IT IS HEREBY ORDERED that the following procedures shall govern the production and exchange of all documents, testimony, interrogatories and other information produced, given or exchanged by and among any party or third party in the course of litigating the above-captioned matter (hereafter "Action"):

1. (a) Counsel for any party, person or entity subject to discovery in the Action (hereafter "producing party") may designate as "Confidential" files, documents, deposition testimony, and information furnished by that party in the course of pretrial discovery in the Action, when such producing party in good faith believes that such file, document, material or information constitutes or reveals confidential medical, mental health, tax, employee personnel, and/or non-public business information.

1

(b)     The designation by any producing party of any document, material or information as "Confidential" shall constitute a representation that such document, material or information has been reviewed by the producing party and that, in such producing party's opinion, there is a good faith basis for such designation.

2.     Confidential materials will be used by counsel for any party, person or entity requesting discovery in the Action (hereafter "receiving party") solely for purposes of preparing for and conducting the litigation of the Action and any appellate proceedings in the Action.

3.     Any documents or other tangible materials designated as Confidential shall be so designated by stamping each page of the same with the legend "Confidential" or with a substantially similar legend at the time of production.

4.     Any deposition or other testimony may be designated as Confidential by any one of the following means:

(a)     stating orally on the record of a deposition that certain information or testimony is Confidential or that the entire deposition transcript is so designated; or

(b)     sending written notice to the receiving party within 15 business days from receipt of a deposition transcript designating all or a portion of the transcript as Confidential.

5. Discovery materials designated "Confidential" shall not be disclosed by the receiving party to persons except:

(a) this Court or any court exercising appellate jurisdiction with respect to the determinations of this Court, court officials and court employees and stenographers transcribing testimony or argument at a hearing, trial or deposition in the Action or any appeal;

(b) any named party, or in the case of a corporate party or other person, any employee, former employee or agent of such party or person who is actively engaged in assisting counsel, provided that such party, person, employee or agent reviews and agrees to be bound by this Order;

(c) outside counsel to the parties in the Action and attorneys, clerical, paralegal and secretarial staff regularly employed by such outside counsel who are involved in the prosecution or defense of this Action;

(d) clerical and data processing personnel not regularly employed by the parties or their counsel; but involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and reviewing of discovery materials to the extent reasonably necessary to assist a party or its counsel in these proceedings;

(e) trial or deposition witnesses in preparation for and during testimony in this litigation provided that such witnesses review and agree in writing to be bound by

this Order;

(f) jurors and alternate jurors;

(g) the insurers and reinsurers of the parties to these proceedings or of the officers, directors, partners, and employees of such parties, and the officers, directors, partners, employees, and counsel of such insurers and reinsurers, to the extent reasonably necessary to assert, investigate, respond to or perform other work in connection with any claim for insurance coverage;

(h) any individual who authored or was a recipient of the confidential information;

(i) any expert or consultant as provided in paragraph 6 below; and

(j) any other person as to whom the parties agree in writing.

6. Confidential materials may be provided to experts or consultants retained by counsel in connection with the Action to the extent (and only to the extent) necessary for such expert or consultant to prepare an opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Action, provided that each such expert reviews and agrees to be bound by this Order.

7. All documents filed with the Court in this litigation which contain or disclose any "Confidential" information shall have the pages setting forth such information marked with the appropriate caption. Such pages shall be filed separately from the document, in a sealed envelope marked with the legend: "CONFIDENTIAL INFORMATION ENCLOSED, SUBJECT TO PROTECTIVE ORDER. NOT TO BE OPENED UNLESS

BY ORDER OF THE COURT." Such envelope shall not be opened by any person not authorized to view such documents under the terms of this Order, except by order of the Court.

8. If any party objects to the designation of any discovery materials as "Confidential", the party shall state the objection by letter to counsel for the party making the designation. If the parties are then unable to resolve the objection, any party may move the Court to do so. Until the Court rules on any such motion, the discovery materials shall continue to be deemed "Confidential" under the terms of this Order. In any court proceeding regarding Confidential information, the burden shall be on the party asserting the claim to demonstrate that any document or information is Confidential.

9. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial.

10. Nothing herein shall prevent any Person from seeking, by written agreement of the signatories hereto or court order, further, greater or lesser protection with respect to the use of any Confidential materials in connection with this Action.

11. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial of the Action. Nothing herein shall constitute a waiver of any claim of privilege or other protection from discovery. Nothing herein shall be

construed to limit in any way any party's use of its own Confidential materials.

12. Within sixty (60) days after the producing party's request therefore and after the final termination of the Action, including the expiration of all periods for appeal from any judgment, counsel shall return all Confidential materials and copies (including excerpts and summaries) thereof to counsel for the producing party, or, in lieu thereof, certify in writing that such confidential materials have been destroyed, except that counsel may retain documents reflecting any work product, copies of court filings and official transcripts and exhibits, provided said retained documents and the Confidential material contained therein will continue to be treated as provided in this Order.

13. If any party (or counsel for any party) receives a subpoena or other compulsory process demanding documents or information, or material designated as "Confidential" by any other party, that party or counsel shall give notice to the party so designating the information, document, or material at least 14 days prior to the return date of the subpoena or other compulsory process, or, if the subpoena or other compulsory process has a return date of less than 14 days, notice shall be given to the designating person in writing or by telephone as soon as possible but in no event later than 72 hours prior to the return date.

14. Nothing herein shall preclude any party from applying to this Court for an order modifying this Order, and nothing herein shall preclude any modification of this Order

with the written consent of all parties hereto.

15. This Order shall have no effect upon, and its scope does not extend to:

   (a) any information which is, was, or becomes public not in violation of this Order;

   (b) disclosure of confidential information to the extent otherwise required by law.

16. The obligations of this Order shall survive the termination of the Action and Continue to bind the parties. The Court will have continuing jurisdiction to enforce this Order regardless of the manner in which this Action is terminated.

SO ORDERED:

_____     10/25/04
United States District Court Justice     Date